SUMMARY ORDER

Petitioner Yun Wei Wang, a native and citizen of the People’s Republic of China, seeks review of a December 26, 2007 order of the BIA affirming the January 30, 2006 decision of Immigration Judge (“IJ”) Paul A. Defonzo, denying her application for relief under the Convention Against Torture (“CAT”).[1] In re Yunwei Wang, No. A98 350 537 (B.I.A. Dec. 26, 2007), aff'g No. A98 350 537 (Immig. Ct. N.Y. City Jan. 30, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency’s factual findings under the substantial evidence standard, treating them *481 as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). This Court reviews de novo questions of law, including what quantum of evidence will suffice to discharge an applicant’s burden of proof. See, e.g., Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir.2005).
The BIA did not err in affirming the IJ’s decision that Wang failed to meet her burden of establishing eligibility for CAT relief. To meet the burden of proof, Wang must present particularized evidence that suggests that, if repatriated, she will “more likely than not be subjected to torture.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 157-158 (2d Cir. 2005). Here, the agency found that “[t]he record contains insufficient evidence to demonstrate that Chinese authorities routinely torture people who illegally departed China ...” Indeed, the record indicated that some repatriates are subject only to fines or temporary detention until travel arrangements can be made for the emigrant to return home. Wang argues that the background evidence in the record demonstrates that it is more likely than not that she will be tortured by Chinese government officials on account of her illegal departure from that country. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured “based solely on the fact that [she] is part of the large class of persons who have illegally departed China” and on generalized evidence indicating that torture occurs in Chinese prisons. Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005); see also Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir.2007) (holding that, beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, substantial evidence supports the agency’s denial of Wang’s CAT claim, as Wang provided no basis for the agency to conclude that she, or someone in her “particular alleged circumstances,” faces an elevated risk of torture. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The IJ also denied Wang’s applications for asylum and withholding of removal. However, Wang has abandoned those claims. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).